UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAWNSAE RUDDER,<br><br>    Defendant. | Case No. 07-cr-40003-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on defense counsel's Motion (Doc. 36) to withdraw and "no merits" statement. Following Defendant Shawnsae Rudder's guilty plea in this matter, the Federal Public Defender explored whether he qualified for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10. Rudder's counsel eventually filed the instant motion, wherein she states that no non-frivolous arguments can be made in support of reduction. *See Anders v. California*, 386 U.S. 738, 744 (1967). Despite the allowance of a response period by this Court (*see* Doc. 37), Rudder did not respond to defense counsel's motion. Meanwhile, the Government filed a Response (Doc. 38), wherein it agreed with the basic assertions and relief requested by defense counsel.

Rudder pled guilty to five counts of distribution of less than 5 grams of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Rudder's relevant conduct was at least 1 gram but not more than 2 grams of crack cocaine, which under U.S.S.G. § 2D1.1 yielded a base offense level of 18. Rudder's base offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility. The Court further found that Rudder was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions,

which raised his offense level to 34, again reduced by three to a final level of 31 for acceptance of responsibility.  Considering Rudder's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison.  The Court imposed a sentence of 188 months for each count to run concurrently.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom. McKnight v. United States*, 129 S. Ct. 1924 (2009).

Rudder cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2) (2006).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base

offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Rudder, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** defense counsel's Motion (Doc. 36) to withdraw.  The Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to Shawnsae Rudder, Reg. #07307-025, USP Marion, U.S. Penitentiary, P.O. Box 1000, Marion, IL 62959.

**IT IS SO ORDERED.**
**DATED: March 1, 2010**

                                                    s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**